

**10 CIV 3037**

**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVEL ENTERTAINMENT, LLC,

                       Plaintiff,

  - against -

STEPHEN KIMBLE,

                       Defendant.

Civil Action No. 10-cv-

COMPLAINT

RECEIVED
APR 09 2010
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Marvel Entertainment, LLC ("Marvel"), by its attorneys, Haynes and Boone, LLP, for its complaint, alleges as follows:

1.     This is a civil action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

2.     Marvel is a Delaware limited liability company which maintains its principal place of business at 417 Fifth Avenue, New York, NY 10016.  Marvel is the successor by merger of Marvel Entertainment, Inc., formerly known as Toy Biz, Inc.

3.     Upon information and belief, defendant Stephen Kimble ("Kimble") is a citizen of Arizona and maintains his principal place of business at 3230 N. Dodge Boulevard, Studio F, Tucson, AZ 85716.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

5.     The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6.      This Court has personal jurisdiction over Kimble pursuant to section 302(a) (1) of the New York Civil Practice Law and Rules.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## BACKGROUND

*The 1997 Arizona Action*

8.      In 1997 Kimble commenced an action (the "1997 Arizona Action") against Toy Biz, Inc., a Marvel predecessor, in the United States District Court for the District of Arizona entitled *Kimble v. Toy Biz, Inc.*, CV-97-557-TUC-RCC.  The complaint in the 1997 Arizona Action asserted claims for infringement of a patent obtained by Kimble in connection with Marvel's manufacture and sale of a Silly String shooting toy (the "Web Blaster") and for breach of an alleged oral agreement between the parties made in 1990 (the "Alleged Oral Agreement") to the effect that Marvel would not develop or sell a Web Blaster unless Marvel and Kimble agreed upon a reasonable royalty for use of Kimble's ideas, all of which were embodied in the toy that was the subject of Kimble's patent.

9.      The Arizona court dismissed Kimble's patent claim prior to trial and a jury later determined that Marvel had breached the Alleged Oral Agreement with Kimble by developing and selling the Web Blaster.  As a result, the district court entered judgment in Kimble's favor against Marvel on October 10, 2000, awarding Kimble "3.5% of net product sales, past, present and future excluding refill royalties."  Marvel appealed the judgment with respect to the claimed breach of contract and Kimble appealed the district court's dismissal of his patent infringement claim.  While both appeals were pending, and before the judgment became final, the parties settled their disputes (including the non-final patent dispute and the non-final oral agreement dispute) on terms memorialized in an agreement dated September 21, 2001 (the "2001 Agreement").

*The Settlement of the 1997 Arizona Action*

10.     The 2001 Agreement provided for Kimble and his colleague Robert Grabb ("Grabb") to assign the Kimble Patent to Marvel in exchange for $516,214.62 and Marvel's promise to pay them 3% of "net product sales." The 2001 Agreement defined "net product sales" as including "sales that would infringe the [Kimble] Patent but for the purchase and sale thereof pursuant to this Agreement as well as sales of the Web Blaster product that was the subject of the Action and to which the Judgment refers." The 2001 Agreement contained a broad integration clause: "This Agreement contains the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous arrangements or understandings with respect thereto." By its terms, the 2001 Agreement is governed by New York law. The Kimble patent expires no later than May 25, 2010.

11.     The 2001 Agreement also provided for withdrawal of both parties' appeals and the filing with the Arizona court of a stipulation, which was so ordered by the court, vacating the judgment against Marvel and dismissing the 1997 Arizona Action *with prejudice*.

*The 2008 Arizona Action*

12.     On or about May 28, 2008, Kimble and Grabb commenced an action against Marvel entitled *Kimble v. Marvel Enterprises, Inc.*, CV-08-372-TUC-DCB which is pending in the United States District Court for the District of Arizona (the "2008 Arizona Action"). The sole claim remaining in the amended complaint is a breach of contract claim to the effect that in 2007 and thereafter Marvel failed to comply with its royalty obligations under the 2001 Agreement among the parties.

13.     Marvel asserted several counterclaims including one seeking a declaratory judgment of its rights and duties under the 2001 Agreement, specifically requesting a declaration

that Marvel is no longer required to pay plaintiffs "3% of 'net product sales' under the

Agreement based on sales of products after the expiration of the [Kimble Patent]" on May 25,

2010.

        14.    In accordance with the Arizona court's revised scheduling order dated

January 16, 2009, the parties' motions for summary judgment with respect to Marvel's

counterclaims were submitted and argued before the assigned magistrate judge who issued his

report and recommendation on December 2, 2009.

        15.    On March 1, 2010 the district court issued an order adopting the report and

recommendation of the magistrate judge which, *inter alia*, granted Marvel's motion for summary

judgment holding that "[a]s a matter of law, [Marvel] is not required to pay royalties under the

[2001] Agreement after the May 25, 2010 expiration of the patent."

        16.    Despite the fact that the deadline for amending the pleadings pursuant to

the Arizona district court's scheduling was December 16, 2008, nine days before the pre-trial

order was due, on March 17, 2010, Kimble and Grabb filed a motion for leave to file a second

amended complaint in the 2008 Arizona Action to add a claim against Marvel for breach of the

Alleged Oral Agreement.  In papers submitted in support of their motion for leave to amend,

Kimble and Grabb stated that if the Arizona court were to deny their motion, "a new suit would

have to be brought . . . ."

        17.    On April 8, 2010, the Arizona district court issued an order denying the

motion of Kimble and Grabb for leave to file an amended complaint.

        18.    Because the Alleged Oral Agreement was alleged to have been made in

this district, because Marvel is alleged to have breached that alleged agreement in this district,

and because Marvel's principal place of business is in this district, Marvel chose to commence

this action in this district for a declaration that it has no obligations under the Alleged Oral Agreement.

## CLAIM FOR RELIEF
(Declaratory Judgment)

19.     Marvel repeats and realleges the allegations set forth above in paragraphs 1 through 18.

20.     There is an actual, present and justiciable controversy between Marvel and Kimble concerning whether Marvel entered into the Alleged Oral Agreement with Kimble in December 1990 and, if so, whether Kimble continues to have any rights thereunder.

21.     Marvel seeks a judicial determination that it has no obligation of any kind to Kimble under the Alleged Oral Agreement,

WHEREFORE, Marvel respectfully demands judgment:

a.     declaring that there was no valid and enforceable oral agreement between Kimble and Marvel in 1990;

b.     declaring that any claim for breach of the Alleged Oral Agreement is barred by *res judicata* and/or collateral estoppel;

c.     declaring that any claim for breach of the Alleged Oral Agreement is barred by the applicable statute of limitations;

d.     declaring that any claim for breach of the Alleged Oral Agreement is barred by the Statute of Frauds;

e.     declaring that Marvel satisfied any obligation it may have had under the Alleged Oral Agreement by virtue of having negotiated and entered into the 2001 Agreement; and

      f.       declaring that all of the rights and obligations of the parties under the Alleged Oral Agreement were superseded by the 2001 Agreement;

      g.       awarding the costs and disbursements of this action; and

      h.       granting such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       April 9, 2010

                      HAYNES AND BOONE, LLP

                      By: _____
                             David Fleischer
                      Attorneys for Plaintiff
                      1221 Avenue of the Americas
                      26th Floor
                      New York, NY 10020
                      (212) 659-7300
                      david.fleischer@haynesboone.com