STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARVEL ENTERTAINMENT, LLC,                  :
                                            :
      Plaintiff,                            :
                                            :    10 CV 3037 (HB)
        - against -                       :
                                            :    OPINION &
STEPHEN KIMBLE,                             :    ORDER
                                            :
      Defendant.                            :
----------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      Plaintiff Marvel Entertainment, LLC ("Marvel") brings this action for declaratory judgment on an oral agreement it allegedly entered into with Defendant Stephen Kimble ("Kimble") relating to the rights to a toy that Kimble invented. The parties are engaged in a related dispute in the Tucson Division of the United States District Court for the District of Arizona. Kimble moves to transfer venue there pursuant to 28 U.S.C. § 1404, or, in the alternative, to dismiss. For the reasons described below, the motion to transfer is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

      Marvel is an international entertainment company whose business derives from super hero comic books and related products, including toys. Kimble is a toy inventor who developed a toy that shot aerosol string from a hand glove. Kimble brought his toy idea to a company called Toy Biz, Inc., which is Marvel's predecessor in interest. Toy Biz and Kimble entered into the "1990 Oral Agreement" whereby they agreed that if Kimble disclosed the idea, Toy Biz "would not use the ideas disclosed by [him] without first negotiating a reasonable royalty payment for their use." *Kimble v. Marvel Enter., Inc.*, 692 F. Supp. 2d 1156, 1157-58 (D. Ariz. 2010). The idea was disclosed and Toy Biz developed and sold a toy, now called the "Web Blaster," which had a design similar to the one Kimble had created.[1]

---

[1] The toy is called the Web Blaster because it is identified with the Spider-Man super hero franchise. Spider-man shoots webs from chemical/mechanical devices attached to his wrists, which are activated by depressing a button located on his palm. In some iterations, such as the recent live-action films, the device is eliminated and the web-shooting ability is one of several inherent physical powers gained from having been bitten by a radioactive spider. But even in those iterations the character presses his middle fingers onto his palm in order to activate the web. The Web Blaster's design imitates this action by having an aerosol string cartridge attached to the wrist of the user, which is activated by pressing a button with the middle fingers.

A dispute ensued and a suit filed by Kimble in 1997 in the District of Arizona resulted in a jury finding that an oral agreement had in fact been made and that Toy Biz had breached it; the jury awarded Kimble 3.5% of net product sales.  *See Kimble v. Toy Biz, Inc.*, 97 Civ. 557 (TUC) (Dec. 20, 2000).  Both parties appealed.  However, in 2001, Marvel, as successor in interest to Toy Biz, entered into a settlement agreement wherein Kimble sold the toy's patent to Marvel for $516,214.62 and 3% of future sales (the "2001 Settlement Agreement").

In 2008, following a recalculation of the royalty payments by Marvel, Kimble filed for breach of contract.  The District Court for the District of Arizona ruled on summary judgment that, among other things, the 2001 Settlement Agreement's obligations would expire on May 25, 2010 but that fact issues remained concerning the parties' entitlement to proceeds from sales of improved Web Blasters and related products.  *See Kimble v. Marvel Enter.*, 692 F. Supp. 2d at 1159.  Kimble moved to amend his complaint to argue that if the 2001 Settlement Agreement did not obligate Marvel to pay royalties beyond May 25, 2010, then the 1990 Oral Agreement did.  Marvel opposed this motion, and the court denied leave to amend on grounds that the motion was untimely and futile.  *See Kimble v. Marvel Enter., Inc.*, No 08 Civ. 372 (DCB) (D. Ariz. Apr. 8, 2010).

The very next day, April 9, 2010, Marvel filed the present declaratory judgment action in this Court that seeks resolution of the effect of the 1990 Oral Agreement.  On May 28, 2010, Kimble moved to transfer this action to the District of Arizona pursuant to 28 U.S.C. § 1404, or, in the alternative, to dismiss.  Litigation in the Arizona action is ongoing.  The action will be transferred to Arizona.

## DISCUSSION

On a motion to transfer, the moving party must make a "clear and convincing showing" that transfer is proper by demonstrating that "(1) the action is one that might have been brought in the proposed transferee forum; and (2) the transfer promotes convenience and justice."  *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 600 (S.D.N.Y. 2009); 28 U.S.C. § 1404(a) (2006).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006.

A district court may consider (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4)

the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) a forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice based on the totality of the circumstances.  *See, e.g., N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Hershman*, 658 F. Supp. 2d at 600-601.  "There is no rigid formula for balancing these factors and no single one of them is determinative."  *Hershman*, 658 F. Supp. 2d at 601.

    A. <u>Whether the action might have been brought in the proposed transferee forum.</u>

Marvel does not dispute that this action could have been brought in the United States District Court for the District of Arizona, and indeed venue is proper because the sole defendant resides in Arizona.  *See*  28 U.S.C. § 1391(a); *AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1 of Snohomish County, Wash.*, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009).

    B. <u>Whether the transfer promotes convenience and justice</u>

        1. *Plaintiff's choice of forum.*

Courts have typically accorded substantial weight to the plaintiff's choice of forum.  *See e.g.*, *Atl. Recording Corp. v. Project Playlist, Inc.,* 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009).  Marvel, the plaintiff in this action, opposed Kimble's attempt to litigate the effect of the 1990 Oral Agreement in the Arizona district court, where it is the defendant; the day following that court's decision denying leave to add the issue there, Marvel brought this case seeking essentially to litigate the same issue here as the plaintiff.  While Marvel is the nominal plaintiff in this case, in the broader context of its dispute with Kimble, it is not necessarily the aggrieved party; indeed both parties have asserted claims against each other.  Marvel's choice of forum here seems more intended to gain a litigation advantage than to address the merits of the 1990 Oral Agreement issue expeditiously.  I am not eager to reward such tactics with the deference traditionally afforded a plaintiff's choice of forum and decline to do so here.

        2. *Convenience of the witnesses*

The central issue in dispute is the enforceability of the 1990 Oral Agreement.  Kimble, who was there at its formation and is party to the 2001 Settlement Agreement that may have superseded it, is elderly, retired, and lives in Arizona.  Moreover, Marvel has not argued that sending its witnesses to Arizona would present a hardship to the multi-million dollar corporation.  At best this factor tips only slightly in favor of Marvel and New York.

*3. Relative means of the parties*

This factor has "rarely been a dispositive reason to grant or deny a transfer motion." *Schoenefeld v. New York*, 08 Civ. 3269 (NRB), 2009 WL 1069159, at *3 (S.D.N.Y. Apr. 16, 2009). Nonetheless, it is relevant in this case. As Marvel concedes, there is a financial disparity between the parties: a large, successful company pitted against a semi-retired solo practitioner. While certainly not dispositive, at a minimum the depth of Marvel's resources relative to Kimble's mitigates the fact that New York would be more convenient for Marvel's witnesses. This factor weighs in favor of transfer.

*4. Trial efficiency and the interest of justice based on the totality of the circumstances*

"A district court has discretion to transfer an action to where the trial would best be expedient and just." *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003). There is a strong policy in this Circuit "favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Id.*

Adjudication here risks inconsistent results. The Arizona district court addressed the issue of the 2001 Settlement Agreement's effect on the 1990 Oral Agreement in at least two orders. *See Kimble v. Marvel Enter., Inc.*, No. 08 Civ. 372 (TUC), at 3 (D. Ariz. June 2, 2010) (order denying motion for reconsideration); *Kimble v. Marvel Enter., Inc.*, No 08 Civ. 372 (DCB), at 3, 4-5 (D. Ariz. Apr. 8, 2010) (order denying leave to amend). These Orders suggest a fairly clear position on the enforceability of the 1990 Oral Agreement (namely, that it appeared to have been superseded by the 2001 Settlement Agreement), and adjudicating the issue here would risk potentially inconsistent rulings on the same issue.

Moreover, the Arizona district court has presided over a number of incarnations of this dispute since 1997, and has significant knowledge of the relevant facts and law. It recognized that the question of whether any obligations still exist under the 1990 Oral Agreement "cannot be answered without considering the [2001] Settlement Agreement that is the subject of this [Arizona] action." *Kimble v. Marvel Enter., Inc.*, No. 08 Civ. 372 (TUC), at 4 (D. Ariz. June 2, 2010). The Arizona court expressed skepticism at the wisdom of this double proceeding. *See, e.g.*, *id.* at 4 ("The Court is not persuaded by the Defendant's argument that the [New York] declaratory action is not

related to this [Arizona] case."). All of this indicates the "substantial overlap" between this case and the Arizona case and militates a transfer.

Consideration of the remaining factors provides neither party any help and need not be discussed.

## CONCLUSION

For the reasons described above, transfer of this action to the District of Arizona is proper and would serve the interests of convenience and justice. The motion to transfer is GRANTED.

The Clerk of the Court is instructed to close the matter, remove it from my docket, and transfer the court records to the Tucson Division of the United States District Court for the District of Arizona.

SO ORDERED
December 20, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.