WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marvel Entertainment, LLC, | ) | |
|     Plaintiff, | ) | CR   10-792 TUC DCB |
| v. | ) | |
| Stephen Kimble, | ) | **ORDER** |
|     Defendant. | ) | |

    The Court denies the Motion for Reconsideration of this Court's Order, issued on January 1, 2012, which denied Kimble's Motion for Summary Judgment, granted Marvel's Motion for Summary Judgment, and entered Judgment for Marvel.

    Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). Specific grounds for a motion to amend or alter are not listed in the rule, but generally there are four basic grounds for a Rule 59(e) motion: 1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct of counsel may justify relief under this theory, and 4) a motion may be justified by an intervening change in controlling law.  11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted).

Motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *cf., Agric. Research & Tech. Group,* 916 F.2d at 542. Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Kimble files the Motion for Reconsideration to correct a manifest error. Defendant argues that given the Magistrate Judge's interpretation of the Settlement Agreement was contrary to this Court's interpretation, it was manifest error for the Court to find the Settlement Agreement was not ambiguous. This fact has been brought to the Court's attention several times, and this Court has repeatedly considered Defendant's argument regarding paragraph 9 in the Settlement Agreement. Repeatedly, this Court has found that when all the provisions in the Settlement Agreement are considered together that there is no ambiguity. Considering this Court has repeatedly considered Defendant's argument and never found any ambiguity, the Court finds no manifest error of law in its Order issued on January 20, 2012, and denies the Motion for Reconsideration.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 38) is DENIED.

DATED this 9th day of February, 2012.

David C. Bury
United States District Judge